## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

JOSHUA D. H.,                          )
                                       )
          Plaintiff,                )
                                       )
vs.                                    )     Case No. 4:23-CV-206-JFJ
                                       )
MARTIN J. O'MALLEY,[1]                 )
Commissioner of Social Security,       )
                                       )
          Defendant.                )

## OPINION AND ORDER

Plaintiff Joshua D. H. seeks judicial review of the decision of the Commissioner of the Social Security Administration denying his claims for disability benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 1382c(a)(3).  In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. For reasons explained below, the Court affirms the Commissioner's decision denying benefits. Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

## I.     General Legal Standards and Standard of Review

"Disabled" is defined under the Social Security Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic

---

[1] Effective December 20, 2023, pursuant to Federal Rule of Civil Procedure 25(d), Martin O'Malley, Commissioner of Social Security, is substituted as the defendant in this action.  No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence," such as medical signs and laboratory findings, from an "acceptable medical source," such as a licensed and certified psychologist or licensed physician; the plaintiff's own "statement of symptoms, a diagnosis, or a medical opinion [is not sufficient] to establish the existence of an impairment(s)." 20 C.F.R. §§ 404.1521, 416.921. *See* 20 C.F.R. §§ 404.1502(a), 404.1513(a), 416.902(a), 416.913(a). A plaintiff is disabled under the Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"), whether the impairment prevents the claimant from continuing her past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)-(v). If a claimant satisfies his burden of proof as to the first four steps, the burden shifts to the Commissioner at step five to establish the claimant can perform other work in the national

economy.  *Williams*, 844 F.2d at 751.  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  *Id.* at 750.

       In reviewing a decision of the Commissioner, a United States District Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence.  *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).  Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *See id.* A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."  *Id.*  A court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner.  *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005).  Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence.  *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.    Procedural History and the ALJ's Decision

       Plaintiff, then a 30-year-old male, applied for Title II disability insurance benefits and Title XVI supplemental security income benefits on October 22, 2019, alleging a disability onset date of August 1, 2017.  R. 10, 255-263.  Plaintiff alleged inability to work due to conditions including Human Immunodeficiency Virus ("HIV"), asthma, and a learning disorder.  R. 325.  Plaintiff's claims for benefits were denied initially on April 17, 2020, and on reconsideration on December 2, 2020.  R. 68-139.  Plaintiff then requested a hearing before an ALJ, and the ALJ conducted a telephone hearing on December 7, 2021.  R. 42-67.  The ALJ issued a decision on January 6, 2022, denying benefits and finding Plaintiff not disabled because he could perform other jobs existing in

the national economy.  R. 10-26.  The Appeals Council denied review, and Plaintiff appealed.  R. 1-3; ECF No. 2.

The ALJ found Plaintiff's date last insured was December 31, 2022.  R. 12.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of August 1, 2017.  *Id.*  At step two, the ALJ found that Plaintiff had the following severe impairments: HIV with asserted treatment side effects; mild seasonal asthma; borderline intellectual functioning; learning disorder; major depressive disorder; and generalized anxiety disorder.  *Id.*  At step three, the ALJ found that Plaintiff had no impairment or combination of impairments that was of such severity to result in listing-level impairments.  R. 13.  In evaluating Plaintiff's mental impairments using the "paragraph B" criteria, the ALJ determined that Plaintiff had moderate limitation in all four areas of (1) understanding, remembering, or applying information; (2) interacting with others, (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself.  R. 13-14.

After evaluating the objective and opinion evidence and Plaintiff's statements, the ALJ concluded that Plaintiff had the RFC to perform light work except as follows:

> The individual can lift and/or carry 20 pounds occasionally and 10 pounds frequently.  The individual can push and/or pull as much as the individual can lift and/or carry.  The individual can sit for 6 hours.  The individual can stand for 6 hours.  The individual can walk for 6 hours.  The individual can tolerate frequent exposure to humidity, wetness, extreme cold, extreme heat, dust, odors, fumes, and pulmonary irritants.  The individual must work in an environment that is in proximity to an accessible bathroom (i.e., the incumbent worker must not first traverse a large distance to reach a bathroom, as might be the case with a parks worker, a groundskeeper, or a utility line worker).  The individual must have the option to take regularly scheduled work breaks at the worker's discretion (i.e., similar to what occurs in an office setting, as opposed to situations where the incumbent worker has to wait for a supervisor's permission, such as cashiers in grocery stores, or where all workers take the same breaks at the same time, such as in a construction setting).  The individual can perform simple, routine tasks and follow simple work directions, further defined as reasoning level 2 in the Dictionary of Occupational Titles.  The individual can occasionally interact with co-workers,

supervisors, and the public.  The individual can adapt to gradual changes in the workplace.

R. 16.  At step four, the ALJ found that Plaintiff was unable to perform any past relevant work.

R. 24 Based on the testimony of a vocational expert ("VE"), however, the ALJ found at step five

that Plaintiff could perform the unskilled light jobs of Sorter, Shelving Clerk, and Routing Clerk.

R. 24-25.  The ALJ determined that the VE's testimony was consistent with the Dictionary of

Occupational Titles ("DOT").  R. 25.  Based on the VE's testimony, the ALJ concluded that

Plaintiff could successfully adjust to other work that exists in significant numbers in the national

economy.  R. 26.  Accordingly, the ALJ found Plaintiff was not disabled from August 1, 2017,

through the decision date.  *Id.*

## III.    Issues

Plaintiff raises one point of error in his challenge to the denial of benefits, which the Court

divides into three: (1) the RFC phrase "proximity to an accessible bathroom" was too vague for

the VE to understand and properly apply;  (2) the RFC phrase "regularly scheduled work breaks

at the worker's discretion" was too vague for the VE to understand and properly apply; and (3) the

step-five jobs exceed the RFC's "occasional" interaction limitation.  ECF No. 8.

## IV.    Analysis – ALJ's RFC Was Supported by Substantial Evidence and Plaintiff Could Perform the Step-Five Jobs

### A.       Proximity to an Accessible Bathroom

As part of the RFC, the ALJ included the restriction that Plaintiff "must work in an

environment that is in proximity to an accessible bathroom (i.e., the incumbent worker must not

first traverse a large distance to reach a bathroom, as might be the case with a parks worker, a

groundskeeper, or a utility line worker)."  R. 16.  Plaintiff contends this limitation is excessively

vague, because it does not describe the maximum permissible "proximity" to a bathroom.  Plaintiff

argues the VE could not have understood such a vague limitation, and the step-five job of Shelving

Clerk would not accommodate the limitation because many old libraries have bathrooms that are inconveniently located and would require traversing long distances.

Plaintiff's arguments are unpersuasive.  First, the RFC itself identified specific examples of jobs that Plaintiff could not perform based on lack of proximity to a bathroom, such as a park worker, a groundskeeper, or a utility worker.  R. 16.  The ALJ's RFC is not impermissibly vague based solely on not specifying a permissible distance to the bathroom.  *See Vance v. Kijakazi*, H-20-491, 2022 WL 708845, at *5 (S.D. Tex. Feb. 7, 2022) (upholding RFC for "ready access to restroom facilities" and rejecting argument that ALJ should have specified distance to restroom).

Second, the VE testified that jobs existed in the national economy – Shelving Clerk, Routing Clerk, and Sorter – that would conform to the hypothetical RFC limitation that the individual must work in an environment in proximity to an accessible bathroom, with the specific limitations the ALJ stated in the RFC.  R. 65-66.  Although Plaintiff suggests the VE could not understand the ALJ's hypothetical, the VE testified that, based on his education, training, and experience, the bathroom proximity limitation was accommodated in all three step-five jobs. R. 66.  Plaintiff points to no evidence suggesting the VE misunderstood the term "proximity."  To the contrary, the VE did not ask for further clarification of the term "proximity," and Plaintiff's counsel did not object to the term as vague or difficult to understand.  R. 66.  The Court concludes the ALJ appropriately relied on the VE's testimony.  *See Ellison v. Sullivan*, 929 F.2d 534, 537 (10th Cir. 1990) (finding that VE's testimony that there were jobs claimant could perform within the RFC was substantial evidence the ALJ could rely upon in concluding claimant was not disabled); *Tyrome L. S. v. Kijakazi*, No. 22-CV-249-SH, 2023 WL 5392724, at *6 (N.D. Okla. Aug. 22, 2023) (rejecting argument that VE did not understand RFC term "some," where there

was no evidence that VE misunderstood its meaning and term was "commonplace term with everyday meaning that did not require further elaboration or clarification") (cleaned up).

Third, Plaintiff argues the step-five job of a Shelving Clerk (also known as library runner) would not realistically accommodate the "proximity" restriction, given the potential inconvenience of bathroom locations in old library buildings.  The Court rejects this argument.  As explained above, Plaintiff points to no evidence suggesting the VE misunderstood the ALJ's hypothetical, and the VE testified that the Shelving Clerk job would conform to the bathroom proximity restriction.  R. 65-66.  The VE's testimony constitutes substantial evidence on which the ALJ was entitled to rely.  *See Rogers v. Astrue*, 312 F. App'x 138, 142 (10th Cir. 2009) (explaining that ALJ may rely on VE's "professional, experience-based evidence," and "[t]he whole point of vocational testimony is to go beyond facts already established through publications eligible for judicial or administrative notice and provide an alternative avenue of proof").

**B.    Regularly Scheduled Work Breaks at the Worker's Discretion**

The ALJ's RFC included the limitation that Plaintiff "must have the option to take regularly scheduled work breaks at the worker's discretion (i.e., similar to what occurs in an office setting, as opposed to situations where the incumbent worker has to wait for a supervisor's permission, such as cashiers in grocery stores, or where all workers take the same breaks at the same time, such as in a construction setting)."  R. 16.  Plaintiff argues this restriction was internally inconsistent, because the phrase "at the worker's discretion" appears to be inconsistent with the phrase "regularly scheduled."  Plaintiff suggests the VE may have misunderstood or misheard these combined terms.  Plaintiff further contends the step-five Sorter job would not accommodate this restriction, because a sorter may work on a conveyor belt or table, and bathroom breaks taken "at

the worker's discretion" would require either production line stoppage or coverage by other workers.

Plaintiff's arguments are unavailing.  First, the Court finds the restriction is not internally inconsistent or otherwise confusing.  Social Security guidance explains that breaks consist of "a morning break, lunch break, and afternoon break" every two hours.  Social Security Ruling 96-9p, 1996 WL 374185, at *6 (July 2, 1996).  The ALJ's additional limitation that breaks be "regularly scheduled" and "at the worker's discretion" does not create inconsistency.  As an example, Plaintiff may have a "regularly scheduled" morning break between 9:00 a.m. and 9:30 a.m. while also having the discretion to start that break anytime between 9:00 a.m. and 9:30 a.m.  Thus, the terms can exist simultaneously, contrary to Plaintiff's claims.  The ALJ's restriction regarding breaks is sufficiently clear and consistent.

Second, as with the "proximity" term, there is no evidence the VE misunderstood the limitation regarding bathroom breaks.  The VE did not ask for clarification regarding the bathroom break restriction or indicate that such a limitation was inconsistent or confusing.  The VE testified that, based on the ALJ's hypothetical that included this limitation regarding breaks, the three step-five jobs were available.  R. 65-66.  The VE testified that his testimony regarding "bathroom things" was based on his education, training, and experience as it is not addressed in the DOT.  R. 66.  Plaintiff's counsel also did not object to the limitation regarding bathroom breaks as being confusing or inconsistent.  The ALJ was entitled to rely on the VE's testimony that the step-five jobs would conform to the RFC, including the Sorter job.  *See Ellison*, 929 F.2d at 537; *Rogers*, 312 F. App'x at 142; *Tyrome L. S.*, 2023 WL 5392724, at *6.

### C.    Occasional Interaction with Co-workers, Supervisors, and the Public

Plaintiff argues that the step-five jobs exceed the RFC limitation of "occasional" interaction with co-workers, supervisors, and the public.  R. 16.  Specifically, Plaintiff contends

that the Sorter job, which may involve working on a conveyor belt or table, would require working shoulder-to-shoulder with other workers. Plaintiff contends this physical proximity to other workers would surpass the "occasional" interaction limitation.

Plaintiff's argument is unpersuasive. "Interaction" does not describe physical proximity or preclude physical closeness to other workers. *See Sitton v. Berryhill*, No. 16-CV-601-PJC, 2018 WL 534160, at *2 (N.D. Okla. Jan. 24, 2018) ("Physical proximity of workers to each other and the degree of social interaction with others required by a job are not the same thing."). Plaintiff offers no contrary authority to support his proposition.

Moreover, Plaintiff ignores the fact that all three jobs have low "people" ratings according to the DOT. All three step-five jobs have an "8" as the fifth digit of their DOT code. Appendix B of the DOT states that the fifth digit of the code reflects the job's relationship to "People." DOT App'x B, 1991 WL 688701. The "People" category has a range from 0 to 8, with 8 being the lowest level. *Id.* The DOT specifies that 8 corresponds to a worker function of "Taking Instructions—Helping," which is described as "[a]ttending to the work assignment instructions or orders of supervisor [with] [n]o immediate response required unless clarification of instructions or orders is needed." *Id.* The Tenth Circuit has explained in an unpublished opinion that a Level 8 People rating "represent[s] the lowest possible level of human interaction that exists in the labor force." *Lane v. Colvin*, 643 F. App'x 766, 770 n.1 (10th Cir. 2016). In addition to providing a "People" rating, the DOT job description indicates whether the "People" aspect of the job is "significant" or "not significant." The "People" rating for the Sorter, Shelving Clerk, and Routing Clerk is 8 and designated as "Not Significant." DOT 529.687-186 (Sorter), 249.687-014 (Shelving Clerk), 222.687-022 (Routing Clerk). The Court finds that none of the step-five jobs need to be

eliminated based on their social interaction requirements, which have no bearing on physical proximity to other workers.

## V.     Conclusion

For the foregoing reasons, the Commissioner's decision finding Plaintiff not disabled is **AFFIRMED.**

**SO ORDERED** this 2nd day of May, 2024.

**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**